**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAMILLAH MARIE HARRIS,
      Appellant,

    v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
NY-0752-16-0156-I-1

DATE: June 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jamillah Marie Harris, Lyndhurst, New Jersey, pro se.

Anne M. Gallaudet, Esquire, New York, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　The agency appointed the nonpreference‑eligible appellant to a Mail Handler Assistant position, effective August 9, 2014. Initial Appeal File (IAF), Tab 1 at 1, Tab 2 at 33, Tab 7 at 8‑9. Less than a year later, the agency removed the appellant from her position, effective July 26, 2015, based on charges of conduct unbecoming a U.S. Postal Service employee and failure to meet the attendance requirements of her position. IAF, Tab 2 at 21‑26.

¶3　　Approximately 6 months later, on January 20, 2016, the appellant filed a Board appeal challenging her removal, in which she alleged that she had been sexually harassed by agency managers. IAF, Tab 1 at 3, 5. With her appeal form, the appellant submitted a large volume of documents, including copies of correspondence that she sent to her union representative, the Postmaster General, and the agency's equal employment opportunity office, in which she described her claims of sexual harassment, and alleged that she was removed in retaliation for whistleblowing. IAF, Tab 2 at 9‑10, 17‑18, 30.

¶4　　The administrative judge issued an acknowledgment order, which explained that, as a U.S. Postal Service employee, to establish the Board's jurisdiction over her appeal, the appellant was required to demonstrate that she: (1) was a

preference-eligible employee, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) had completed 1 year of current continuous service in the same or a similar position. IAF, Tab 3 at 2 (citing 39 U.S.C. § 1005(a) and 5 U.S.C. § 2108). The administrative judge ordered the appellant to submit evidence and argument regarding the Board's jurisdiction over her appeal. *Id.*

¶5 In response, the appellant submitted additional documents, including copies of correspondence that she sent to various Government officials regarding her removal and her claims of sexual harassment, IAF, Tab 5 at 3‑9, 15‑20, 26‑40, 54‑59, 63‑71, 73‑75, and documents pertaining to a grievance that she filed regarding her removal, *id*. at 11‑12, 22‑25. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 7. Subsequently, the appellant filed additional documents, including copies of her paychecks, documentation regarding her grievance, and additional correspondence to the Postmaster General. IAF, Tab 8.

¶6 Thereafter, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 10, Initial Decision (ID); IAF, Tab 1 at 2.[2] He found that the appellant failed to raise a nonfrivolous allegation that she was a U.S. Postal Service employee entitled to appeal her removal to the Board under 5 U.S.C. chapter 75. ID at 3. He further found that the appellant's claims of whistleblower reprisal were not an independent source of Board jurisdiction because U.S. Postal Service employees are not entitled to seek corrective action under 5 U.S.C. § 1221. ID at 4.

---

[2] The administrative judge declined to address whether the appeal was timely filed, having dismissed the appeal for lack of jurisdiction. ID at 4 n.2; *Jafri v. Department of the Treasury*, 68 M.S.P.R. 216, 221 (1995) (finding that, when an appeal was properly dismissed for lack of jurisdiction, an administrative judge correctly declined to address whether the appeal was timely filed), *aff'd*, 78 F.3d 604 (Fed. Cir. 1996) (Table).

¶7 The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tabs 1‑2, 4‑6.[3] The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant who makes a nonfrivolous allegation of jurisdiction is entitled to a hearing at which she then must prove jurisdiction by a preponderance of the evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *see* 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶9 A U.S. Postal Service employee may file a Board appeal under 5 U.S.C. chapter 75 only if she is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B). *See* 5 U.S.C. § 7511(b)(8). Thus, as correctly stated by the administrative judge, to appeal an adverse action under chapter 75, a U.S. Postal Service employee must: (1) be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) have completed 1 year of current continuous service in the same or similar positions. ID at 2; *see Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996).

---

[3] After she filed her petition for review, the appellant attempted to submit several additional pleadings, but was advised by the Office of the Clerk of the Board that the Board's regulations at 5 C.F.R. § 1201.114(a)(5) do not allow for these types of pleadings. PFR File, Tabs 8‑14. The Clerk of the Board advised the appellant that she could submit a motion requesting leave to file additional pleadings, explaining the nature and the need for the pleadings, and showing that the evidence was not readily available before the record closed. *Id.*; *see* 5 C.F.R. § 1201.114(a)(5), (k). The appellant did not file such a motion. Thereafter, on June 6 and June 8, 2016, the appellant submitted additional pleadings. PFR File, Tabs 15-16. Because the appellant similarly did not comply with the Board's regulation that required her to file a motion and obtain leave to submit these additional pleadings, *see* 5 C.F.R. § 1201.114(a)(5), we have not considered these pleadings on review.

¶10     Here, it is undisputed that the appellant is not preference eligible.  IAF, Tab 1 at 1, Tab 2 at 33, Tab 7 at 8‑9.  Furthermore, the appellant was a Mail Handler Assistant and she has not alleged, either below or on review, that she was a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity.  IAF, Tabs 1-2, 5, 7-8; PFR File, Tabs 1‑2, 4‑6.  Accordingly, we agree with the administrative judge that the appellant failed to raise a nonfrivolous allegation that she was a U.S. Postal Service employee entitled to appeal her removal under 5 U.S.C. chapter 75.  ID at 3.

¶11     On review, the appellant contends that the administrative judge's paralegal failed to accept all of the evidence that she submitted below.[4]  PFR File, Tab 5 at 4, Tab 6 at 1.  The appellant attempted to file two additional submissions below, which were received after the record closed and the initial decision had been issued.  IAF, Tabs 12-13.  These submissions were rejected by the administrative judge and returned to the appellant.  *Id*.  In the acknowledgment order, the administrative judge notified the appellant when the record would close and that he would not accept any further evidence or argument on the issue of jurisdiction after the record closed.  IAF, Tab 3 at 2.  Therefore, we discern no error in the administrative judge's failure to consider the appellant's additional submissions.  *Blackmer v. Department of the Navy*, 52 M.S.P.R. 571, 574 (1992) (finding that determining when to close the record is within the administrative judge's sound discretion, provided that such discretion comports with basic requirements of fairness and notice); *see* 5 C.F.R. § 1201.43(c) (authorizing an

---

[4] The appellant further asserts she wants her appeal to be reviewed by someone honorable and ethical.  PFR File, Tab 5 at 4, Tab 6 at 1.  We construe this allegation as a claim that the administrative judge was biased or prejudiced.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  We find that the appellant has failed to meet that burden.

administrative judge to refuse to consider any pleading that is not filed in a timely fashion).

¶12    The appellant further contends that the evidence she attempted to submit would have demonstrated that she was reinstated to a position with the agency "until August of 2016."[5]  PFR File, Tab 5 at 4, Tab 6 at 1.  By this, it appears that the appellant may be arguing that she has Board appeal rights under 5 U.S.C. chapter 75 because she had completed 1 year of current continuous service in the same or similar positions at the time she filed her Board appeal.  PFR File, Tab 5 at 4, Tab 6 at 1.  However, even assuming that the appellant completed 1 year of current continuous service in the same or similar positions, she failed to raise a nonfrivolous allegation that she was preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity and, therefore, the Board lacks jurisdiction over her appeal under 5 U.S.C. chapter 75.  *Toomey*, 71 M.S.P.R. at 12‑13.

¶13    We further agree with the administrative judge that the Board lacks jurisdiction over the appellant's sexual harassment and retaliation claims, either as a separate appeal or as affirmative defenses.  ID at 4.  The administrative judge correctly found that employees of the U.S. Postal Service cannot file individual right of action (IRA) appeals seeking corrective action for retaliation for whistleblowing.[6]  *Id.*; *see Kapica v. U.S. Postal Service*, 95 M.S.P.R. 556, ¶ 6

---

[5] In the agency's pleading below, it contended that it had placed the appellant in a leave without pay status pending arbitration proceedings on her grievance regarding her removal.  IAF, Tab 7 at 5.

[6] In so finding, the administrative judge erroneously referenced the Whistleblower Protection Act (WPA).  ID at 4.  The alleged retaliatory actions at issue here took place after the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, and, therefore, the WPEA, rather than the WPA, applies to this appeal.  IAF, Tab 1 at 3, Tab 2 at 21-26; *see* WPEA § 202 (indicating that the WPEA would take effect 30 days after its enactment date of November 27, 2012).  However, we find that this error was not

(2004); *Matthews v. U.S. Postal Service*, 93 M.S.P.R. 109, ¶ 13 (2002). Furthermore, absent an otherwise appealable action, the Board lacks jurisdiction to consider the appellant's claims of sexual harassment, retaliation, and prohibited personnel practices. *Hicks v. U.S. Postal Service*, 114 M.S.P.R. 232, ¶ 13 (2010) (finding that the Board lacks jurisdiction to consider claims of discrimination and retaliation absent an otherwise appealable action); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871‑73 (D.C. Cir. 1982).

¶14      Finally, with her petition for review, the appellant has submitted documents that were not contained in the record below, the majority of which consist of: (1) additional correspondence that she sent to various individuals regarding her claims of sexual harassment, her removal, and her grievance; and (2) documents pertaining to attempts by the agency's Office of Inspector General to question her about her numerous letters to the Postmaster General. PFR File, Tabs 1-2, 4. The Board generally will not consider evidence submitted for the first time on review absent a showing that: (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶ 21 (2008), *aff'd*, 357 F. App'x 293 (Fed. Cir. 2009); 5 C.F.R. § 1201.115(d). Regardless of whether the evidence at issue was available before the record closed below, the appellant has failed to demonstrate that it would establish Board jurisdiction over her appeal and, consequently, the evidence is not material to the outcome of her case. *Russo v. Veterans Administration*, 3 M.S.P.R. 345,

---

prejudicial to the appellant's substantive rights because nothing in the WPEA permits a U.S Postal Service employee to file an IRA appeal. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Accordingly, we will not consider this evidence.

¶15    In sum, for the reasons discussed above, we find that the administrative judge correctly concluded that the Board lacks jurisdiction over the appellant's appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[7]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose

---

[7] The administrative judge did not afford the appellant notice of appeal rights under the WPEA. Although the administrative judge correctly found that the Board lacks jurisdiction over the appellant's whistleblowing claims, the Board has an obligation to properly inform the appellant of the right to appeal that finding. We notify the appellant of her appeal rights under the WPEA in this Final Order.

to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.